## THIRD DEPARTMENT, AUGUST, 1960

### (August 2, 1960)

■ RITA K. REOUX, Appellant, v. GLENS FALLS POST COMPANY et al., Respondents.— Plaintiff appeals from orders and a judgment of the Supreme Court which dismissed the second amended complaint as to each defendant on the ground that it failed to state a cause of action. The action is for libel. The gist of the complaint is that the individual defendant made certain statements, alleged to be defamatory, for the purpose of publication, and the corporate defendant published the alleged defamatory matter in two newspapers which it owns. The body of the complaint sets forth the alleged defamatory matter as follows: "Adjourned from last Saturday when testimony was taken from Mr. Reoux's wife, Rita, the hearing was held in Supreme Court Chambers in the Colvin Building before Supreme Court Justice J. Clarence Herlihy of Glens Falls * * * Summary contempt proceedings against Mr. Reoux, requested last week by Ernest B. Morris of Albany, attorney for Mrs. Reoux, were also considered at today's proceedings. According to Mr. Morris' testimony, Mr. Reoux and his wife converted some of the securities into cash and have refused to reveal the whereabouts of the money. This constituted 'contumacious conduct' in Mr. Morris' opinion." Attached to the complaint are

the complete articles alleged to have been published in full. It is unnecessary to set them forth here. Suffice it to say that each article deals with civil litigation in which plaintiff's husband was involved, and does not mention plaintiff. Each article ends with the language quoted above. The complaint does not allege special damages nor does it allege any innuendo. Therefore, we must determine, only whether the naked words complained of are defamatory as a matter of law. If they are not, the complaint was properly dismissed. (*Tracy* v. *Newsday,* 5 N Y 2d 134.) The function of the judge and jury in defamation cases has always presented a troublesome question. (See 43 Corn. L. Q., p. 80.) The essential elements of libel per se have been so thoroughly discussed it would serve no useful purpose to repeat them here. (*Tracy* v. *Newsday, supra*; *Nicholas* v. *Item Publishers,* 309 N. Y. 596; *Kimmerly* v. *New York Evening Journal,* 262 N. Y. 99; *Mencher* v. *Chesley,* 297 N. Y. 94.) The only difficulty is the application of the well-established rules to particular words. The words in the offending article here do not charge the plaintiff with crime, and we do not think they expose her to public hatred, shame or disgrace. For ought that appears plaintiff and her husband had a perfect right to convert " some of the securities into cash " and to refuse (to someone not set forth) " to reveal the whereabouts of the money." The plaintiff's argument centers largely around the words " contumacious conduct ". Alone these words connote nothing more than stubborn resistance in a civil proceeding, an accusation which could be leveled at anyone who defends a civil action or opposes a particular result in a civil proceeding, or appeals from a court order or judgment. The words do not convey to the public a meaning of something disgraceful or disreputable. The suggestion supplied in plaintiff's brief that the words amount to an accusation of criminal contempt in violation of subdivision 6 of section 600 of the Penal Law, is unavailable in testing this complaint. The article does not mention criminal contempt nor include the necessary elements of criminal contempt. If plaintiff would attach that meaning to the article such a meaning must at least be alleged by way of innuendo. We conclude that, by any reasonable interpretation, the offending article is not libelous per se. Orders and judgment affirmed, without costs. Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., taking no part. [18 Misc 2d 1097.]